UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
KEYBANK NATIONAL ASSOCIATION,
successor by merger to KEY EQUIPTMENT
FINANCE, INC.

                       Plaintiff,

                -against-

MEDICAL RECORDS RETRIEVAL, INC.,

                      Defendant.
-------------------------------------------------------------- x

**REPORT AND RECOMMENDATION**

1:20-cv-04960 (NGG)(PK)

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Keybank National Association brought this action against Defendant Medical Records Retrieval, Inc., alleging breach of contract. (*See* "Compl.," Dkt. 1.) Before the Court on referral from the Honorable Nicholas G. Garaufis is Plaintiff's Amended Motion for Default Judgment ("Motion," Dkt. 11), seeking a default judgment against Defendant. For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted and damages be awarded as detailed below.

## BACKGROUND

### I. Factual Background

On July 28, 2017, Plaintiff and Defendant entered into a Loan and Security Agreement whereby Plaintiff extended financing for various equipment. ("Agreement," Ex. A to Motion at 6-9 (page numbers refer to ECF pagination), Dkt. 11-3.) The monetary terms of the Agreement were amended on August 29, 2017, reducing both the total cost of the loan and the monthly repayment amount. ("Notice of Amendment," Ex. B to Motion at 11 (page numbers refer to ECF pagination), Dkt. 11-3; Declaration of Nancy Barnes in Support of Amended Motion for Default Judgment

1

("Barnes Decl.") ¶ 4, Dkt. 11-3 at 1-4.) As amended, the Agreement stated that Plaintiff would finance Defendant's purchase of equipment at a total cost of $512,841.80, and Defendant agreed to repay the loan, with 5.21% interest, by making sixty monthly payments of $9,727.38.[1] (Notice of Amendment; Barnes Decl. ¶ 3-4; Inquest Transcript dated Dec. 1, 2021 ("Tr.") at 7:22-8:16.)

Pursuant to the Agreement, Defendant shall be in default if it, *inter alia*, "fails to pay any amount within ten days of the due date." (Agreement § 13(a).) The "Remedies" section of the Agreement provides that in the event of a default, Plaintiff has a right to be made whole, including by, "without notice, accelerat[ing] all payments under the Agreement …" (*Id.* § 14(a).) In addition, the Agreement provides that "[i]f any part of any sum is not paid when due," Defendant will pay a late charge of "the greater of 5% of each delayed sum or $29…" (*Id.* § 12(a).)

Beginning on or about August 24, 2019, Defendant defaulted on its obligations under the Agreement by failing to make its monthly payments. (Barnes Decl. ¶ 9; Compl. ¶ 9.)

On September 16, 2020, Plaintiff, through counsel, sent a demand letter to Defendant and its president and owner Russell Agarunov, exercising its option to accelerate and demand payment of the full amount owed. (Barnes Decl. ¶ 10; Compl. ¶ 10.) Defendant has failed to cure the default or pay any deficiency balances owed under the Agreement. (Compl. ¶ 11.)

## II.     Procedural Background

Plaintiff filed the Complaint on October 16, 2020. (Compl.) Defendant was served on October 21, 2020. (Affidavit of Service, Dkt. 5.) Plaintiff requested certificates of default, and the Clerk of the Court entered default against Defendant on November 19, 2020. (Dkts. 6, 7.)

---

[1] The Complaint attached only the original Agreement, without the later amendment, and thus states a higher monthly payment amount of $9,853.51. (Compl. ¶ 6.) The undersigned accepts the monetary amounts stated in the Notice of Amendment, which are supported by the declaration and testimony of Nancy Barnes, a litigation coordinator for Plaintiff.

On June 17, 2021, Plaintiff filed the Amended Motion for Default Judgment. (Motion.) On November 18, 2021, Plaintiff filed a Supplemental Affirmation in Support of Motion for Default Judgment. ("Supp. Aff.," Dkt. 15.)

The undersigned held an inquest by telephone on December 1, 2021, at which Nancy Barnes, a litigation coordinator for Plaintiff, testified. (Tr. at 2:11-12.) Ms. Barnes testified regarding Plaintiff's financial records, which show Defendant's missed payments through June 10, 2021, and the amounts due and owing to that date. (Plaintiff's Computerized Record ("Pl. Record"), Ex. 1 to Supp. Aff., Dkt. 15-1.)

## DISCUSSION

### I.  Default Judgment Standard

Federal Rule of Civil Procedure 55 governs the procedure that applies in cases where there is a default during the course of litigation. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). It provides "a 'two-step process' for the entry of judgment against a party who fails to defend…." *Mickalis*, 645 F.3d at 128 (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). Then, the plaintiff must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Failure to answer may constitute a default, as may failure to defend at later stages of litigation. *See* Fed. R. Civ. P. 55. Here, Defendant did not file an answer to the Complaint. "A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *United States v. Myers*, 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017) (citations omitted). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne*, 696 F. Supp. 2d at 208. The Court must ensure that (1) jurisdictional

3

requirements are satisfied, *see Mickalis*, 645 F.3d at 125-27, 133; (2) Plaintiff took all the required procedural steps in moving for default judgment, Local Civ. R. 55.2; and (3) Plaintiff's allegations, when accepted as true, establish liability as a matter of law. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The court exercises significant discretion in deciding whether to grant a default judgment, including whether the grounds for default are clearly established, and the amount of damages. *See Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Klideris v. Trattoria El Greco*, No. 10-CV-4288 (JBW)(CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *R&R adopted,* 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012); *Mickalis*, 645 F.3d at 129.

## II. <u>Jurisdictional and Procedural Requirements</u>

### a. <u>Jurisdiction</u>

When default judgment is sought, the Court must assure itself that it has subject matter jurisdiction over the action. *See Mickalis*, 645 F.3d at 125-26; *see also Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010). The Court may also inquire as to whether it has personal jurisdiction. *See Mickalis*, 645 F.3d at 133; *see also Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).

Subject matter jurisdiction is found pursuant to 28 U.S.C. § 1332 because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." Plaintiff is a national banking association with its main office in Ohio. (Dkt. 17.) *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) ("a national bank is a citizen only of the state listed in its articles of association as its main office"). Defendant is a corporation incorporated in New York. (Compl. ¶ 2.)

Because Defendant is a New York corporation and operated within the state (Compl. ¶¶ 2, 4), this Court also has personal jurisdiction over it. *See Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018), *R&R adopted*, 2018 WL 4288625

(E.D.N.Y. Sept. 7, 2018) (New York has general jurisdiction over corporations formed under its laws and operating within the state).

      b. Service

The Summons and Complaint must be properly served on the defaulting party. *See Advanced Cap. Com. Grp., Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). Plaintiff served Defendant on October 21, 2020, by delivering a copy of the Summons and Complaint to an authorized individual at Defendant's business address. (Affidavit of Service; Agreement at 1.) Service was, thus, proper. Fed. R. Civ. P. 4(h)(1)(B).

      c. Procedural Requirements

With its Motion, Plaintiff filed the following supporting documents: Notice of Motion (Dkt. 11); Affirmation of Daniel C. Fleming in Support of Amended Motion for Default Judgment (Dkt. 11-1); Memorandum of Law in Support of Amended Motion for Default Judgment ("Mem. of Law," Dkt. 11-2); Declaration of Nancy Barnes in Support of Amended Motion for Default Judgment (Dkt. 11-3 at 1-4); a proposed order (Dkt. 11-4); and the Clerk's Certificate of Default (Dkt. 11-5). Plaintiff also filed proof that it mailed the Motion and supporting papers to Defendant at its last known business address.[2] (Supplemental Affirmation of Service ("Supp. Aff. of Service"), Dkt. 12.) Accordingly, Plaintiff has demonstrated that it has taken the required procedural steps to provide proper notice to Defendant and that it is in compliance with Local Civil Rules 7.1 and 55.2.

---

[2] On June 17, 2021, Plaintiff mailed the Motion papers to Defendant at its address of record, 137 Kreischer Street, Staten Island, New York 10309 (Ex. 1 to Supp. Aff. of Service, Dkt. 12 at 5 (page numbers refer to ECF pagination)), as well as to alternate addresses of 122 Meridian Boulevard, Arverne, New York 11692 (Ex. 2 to Supp. Aff. of Service, Dkt. 12 at 7) and 2367 McDonald Avenue, Brooklyn, New York 11223 (Ex. 3 to Supp. Aff. of Service, Dkt. 12 at 9; Supp. Aff. of Service ¶ 4; Dkt. 11-5). Tracking of the mailing to 137 Kreischer Street, Staten Island, New York 10309 showed that it was still in transit and had not reached its destination as of December 1, 2021. (Tr. at 2:23-5:18; Ex. 4 to Supp. Aff. of Service, Dkt. 12 at 11-12.) The Court sent a notice to the Defendant at 137 Kreischer Street, Staten Island, New York 10309, 122 Meridian Boulevard, Arverne, New York 11692 and 2367 McDonald Avenue, Brooklyn, NY 11223 to notify it of the Motion and December 1, 2021 inquest. (Dkt. 14.) No notification was received that the mail was undeliverable to these addresses. (Tr. at 5:8-18.)

### III. Liability

When determining liability, the Court accepts as true all well-pleaded allegations in the complaint, drawing all reasonable inferences in favor of Plaintiff. *See Au Bon Pain Corp v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Finkel*, 577 F.3d at 84; *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Plaintiff seeks a default judgment against Defendant for breach of contract by failing to abide by the terms of the Agreement. (Motion.) The elements to establish a *prima facie* claim of breach of contract under New York law are "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

Plaintiff has submitted a signed copy of the Agreement, as modified by the Notice of Amendment, establishing the existence of an agreement by the parties. (Agreement; Notice of Amendment.) Plaintiff agreed to and did finance Defendant's purchase of equipment. (Compl. ¶ 6; Barnes Decl. ¶ 3.) In return, Defendant agreed to repay the loan by making sixty monthly payments. (Compl. ¶ 6; Barnes Decl. ¶ 3.) Defendant breached the contract by failing to make its monthly payments beginning on August 24, 2019. (Compl. ¶ 9; Barnes Decl. ¶ 9; *see* Agreement § 13.) Defendant's breach resulted in monetary damages to Plaintiff. (Compl. ¶ 17; Barnes Decl. ¶ 13.)

Because all the elements of breach of contract have been met, the undersigned respectfully recommends that Defendant be found liable for breach of contract.

### IV. Damages

Although a default judgment establishes a defendant's liability, the Court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain. *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007).

6

      a.   Amount Due Under the Contract

"It is a fundamental principle of contract law that an award of damages should place a plaintiff in the same position as that party would have been if the contract had not been breached." *Arch Specialty Ins. Co. v. Apco Indus., Inc.*, No. 18-CV-4041 (ENV)(SJB), 2020 WL 6581000, at *6 (E.D.N.Y. Oct. 5, 2020) (quoting *Rich-Haven Motor Sales, Inc. v. Nat'l Bank*, 163 A.D.2d 288, 289 (2d Dep't 1990)). Plaintiff financed Defendant's purchase of the equipment for $512,841.80, and Defendant failed to make 22 payments of $9,727.38 from August 24, 2019 to June 10, 2021, totaling $214,002.36. ("Pl. Records," Dkt. 15-1; Barnes Decl. ¶ 13.) It also owed late charges of 5% on each of those payments, or $486.37 per month, a total of $10,700.14 during this time period. (Barnes Decl. ¶¶ 7, 11, 13; Tr. at 11:16-22.) Therefore, as of June 10, 2021, Defendant owed Plaintiff $224,702.50 in missed monthly payments and late charges. (*See* Pl. Records; Barnes Decl. ¶ 13.)

Plaintiff also exercised its right to accelerate the remaining amount on the loan that had not yet become due as of June 10, 2021, that is, the remaining 26 of the 60 payments, or $252,911.88.[3] (Barnes Decl. ¶ 13; Supp. Aff. ¶ 9.)

Plaintiff does not seek additional late charges that have accrued since June 10, 2021. (Tr. at 15:5-16:2.) And, while the Complaint requests "accruing interest, reasonable attorneys' fees and costs" (Compl. at 4), Plaintiff does not request them in the Motion.

Accordingly, the undersigned respectfully recommends that Plaintiff be awarded $477,614.38.

      b.   Post-Judgment Interest

Plaintiff is entitled to post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a). In federal diversity actions, federal courts must apply the federal rate. *Arch Specialty Ins. Co. v. Kajavi Corp.*, No. 18-CV-4043 (NGG)(SMG), 2019 WL 3719461, at *4 (E.D.N.Y. July 11, 2019), *R&R adopted,*

---

[3] Plaintiff miscalculates this amount as $252,911.90. (Pl. Records.)

2019 WL 3717441 (E.D.N.Y. Aug. 7, 2019) (quoting *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013)). Accordingly, the undersigned respectfully recommends that Plaintiff be awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Motion be GRANTED, that Defendant be found liable for breach of contract, and that judgment be entered against Defendant, awarding Plaintiff $477,614.38 and post-judgment interest at the rate set forth in 28 U.S.C. § 1961 to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by March 17, 2022.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
March 11, 2022

8